# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BOBBY HAYES and § | |
| THARASA TAYLOR-HAYES § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-2901-S |
| § | |
| EK REAL ESTATE SERVICES OF § | |
| NY LLC, et al. § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants EK Real Estate Services of NY, LLC, EasyKnock, Inc., and LendingOne, LLC's Motion to Set Aside Default ("Motion") [ECF No. 43]. Having reviewed and considered the Motion and Plaintiffs Bobby Hayes and Tharasa Taylor-Hayes's Response in Opposition to Defendants' Motion to Set Aside the Clerk's Entry of Default [ECF No. 48], the Court **GRANTS** the Motion.

## I.   BACKGROUND

On November 18, 2021, Plaintiffs Bobby Hayes and Tharasa Taylor-Hayes (together, "Plaintiffs") filed suit against EK Real Estate Services of NY, LLC ("EK"), EasyKnock, Inc. ("EasyKnock"), and LendingOne, LLC ("LendingOne") (collectively "Defendants"), for violations of the Texas Finance Code and Texas Deceptive Trade Practices and Consumer Protection Act, among other claims. *See* Compl. [ECF No. 1]. All Defendants waived service, and pursuant to the waiver of service of summons executed by each Defendant on November 18, 2021, responsive pleadings were due within 60 days, or by January 17, 2022. *See* Waivers of the Service of Summons [ECF Nos. 3-5].

On December 15, 2021, Defendants filed a joint motion seeking to extend their deadline to file a responsive pleading until February 16, 2022, which the Court granted. *See* ECF Nos. 13, 14.

The day before their answer deadline, however, Defendants filed a Verified Motion to Abate ("Motion to Abate") [ECF No. 26] seeking to abate the lawsuit for 60 days based on Plaintiff's alleged failure to comply with certain pre-suit notice requirements under Texas law, *see* TEX. BUS. & COMM. CODE § 17.505; TEX. FIN. CODE § 305.006.  The Court granted the Motion to Abate and entered an order abating all proceedings and deadlines until April 24, 2022, to permit Plaintiffs to comply with the applicable notice requirements.  *See* ECF No. 36.

On April 22, 2022, Defendants filed a notice advising that Plaintiffs satisfied their pre-suit notice requirements under Texas Business & Commerce Code § 17.505 and Texas Finance Code § 305.006.  *See* ECF No. 39.  According to Defendants, because the Court had abated the proceedings and they had waived service, Defendants were not required to file a responsive pleading until 60 days after the end of the abatement period on April 24, 2022.  *See id.*  Operating under the belief that the abatement affected the answer deadline, Defendants indicated they would file a responsive pleading on or before June 23, 2022.  *See id.*

On April 25, 2022, Plaintiffs moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a), on the basis that Defendants failed to plead or otherwise defend against Plaintiffs' Original Complaint.  *See* ECF No. 41 at 1.  Plaintiffs asserted that Defendants' February 16, 2022 answer deadline was unaffected by the Motion to Abate because the Court did not grant it until March 4, 2022—after the answer deadline had already expired.  *See id.*

On April 26, 2022, the Clerk entered default judgment against all three Defendants.  *See* ECF No. 42.  Defendants filed the instant Motion on April 26, 2022, which is now fully briefed before the Court.

## II.     LEGAL STANDARD

A court may set aside an entry of a default for good cause shown. FED. R. CIV. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (citation omitted). The requirement of "good cause" has generally been interpreted liberally. *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991) (internal citation omitted). In determining whether good cause exists to set aside a default, courts consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Lacy*, 227 F.3d at 292). These factors are not exclusive; instead, they are regarded simply as a means to identify good cause. *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Courts may also consider other factors, such as whether the defaulting party "acted expeditiously to cure the default." *Lacy*, 227 F.3d at 292 (citation omitted).

Default judgments are generally disfavored, and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Id.* (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has "adopted a policy in favor of resolving cases on the merits and against the use of default judgments." *Rogers v. Hartford Life & Accident Ins.*, 167 F.3d 933, 936 (5th Cir. 1999) (citation omitted); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (holding default judgments are a "drastic remedy" and only available "in extreme situations" where "the adversary process has been halted because of an essentially unresponsive party" (internal citations and quotation marks omitted)).

### III.     ANALYSIS

The Court notes that Defendants acted immediately to correct the default when they moved to set aside the Clerk's Entry of Default the very same day the default was entered. *See* ECF No. 42, 43. This weighs in favor of setting aside the entry of default. *Effjohn Int'l Cruise Holdings*, 346 F.3d at 563. Defendants' Motion also demonstrates that their failure to file an answer or otherwise respond timely was the result of their belief that they had otherwise defended against Plaintiff's claims pursuant to Federal Rule of Civil Procedure 55(a) by jointly moving to abate them. Defendants also believed the Court's abatement affected their answer deadline. The Court finds that under these circumstances, Defendants' failure to respond was not willful, and at most the result of excusable neglect. *Metropcs v. PC-Wiz Corp*, No. 3:16-CV-0442-B, 2017 WL 131696, at *2 (N.D. Tex. Jan. 13, 2017) ("Excusable neglect has been found to include late filings due to 'mistake, inadvertence or carelessness and not to bad faith.'"). Further, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Gen. Te. Corp. v. Gen. Te. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). Here, Plaintiffs do not identify any prejudice that would result should the default be set aside. Finally, Defendants have offered meritorious defenses to the claims when they moved to abate them for failure to comply with certain pre-suit presentment requirements. *See* ECF No. 26. Indeed, this resulted in the action being abated while Plaintiff's complied with their presentment requirements for certain state law claims. *See* ECF No. 39. Accordingly, the Court finds good cause to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Defendants EK Real Estate Services of NY, LLC, EasyKnock, Inc., and LendingOne, LLC's Motion to Set Aside Default [ECF No. 43]. The Court further **ORDERS** Defendants to answer or otherwise respond to Plaintiffs' Complaint within fourteen (14) days of the date of this Order.

**SO ORDERED.**

SIGNED May 27, 2022.

_____
UNITED STATES DISTRICT JUDGE